Settle order on notice.

O'BEIRNE v. CAREY.

(Supreme Court, Appellate Term, First Department. December 24, 1914.)

1. APPEAL AND ERROR (§ 127*)—JUDGMENTS APPEALABLE—DEFAULTS.
   No appeal will lie from a judgment taken by default.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 885–889, 891; Dec. Dig. § 127.*]

2. PHYSICIANS AND SURGEONS (§ 22*) — DENTISTS — ACTION FOR SERVICES — RIGHT TO PRACTICE.
   A recovery cannot lawfully be had for dental services, in the absence of proof that the practitioner was duly licensed to practice in accordance with the laws of the state.
   [Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. § 51; Dec. Dig. § 22.*]

3. JUDGMENT (§ 143*)—DEFAULT—APPLICATION TO VACATE—EXCUSE.
   On an application to vacate a default judgment, the fact that defendant's nonappearance was due to his temporary absence from the city on business was a good excuse.
   [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 269, 270, 272–291; Dec. Dig. § 143.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by George O'Beirne against James A. Carey. From a Municipal Court order, denying a motion to open a judgment, and from a judgment taken on default, defendant appeals. Reversed, judgment vacated, and new trial ordered.

Argued December term, 1914, before GUY, BIJUR, and PAGE, JJ.

Clark A. Wick, of New York City, for appellant.
William L. Tierney, of New York City, for respondent.

BIJUR, J.   [1] No appeal will lie from a judgment taken by default, and the appeal from the judgment must therefore be dismissed.

[2] Plaintiff sues for services rendered by his two assignors, as dentists, to defendant and his wife. The rendition of the services and the value was proved at the inquest, but it does not appear that the plaintiff's assignors were duly licensed to practice their profession, as provided by the laws of this state; consequently there was no cause of action proven against the defendant, and the order denying the motion to open his default must be reversed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[3] We are further supported in this determination by the fact that defendant presented a good excuse for his nonappearance; i. e., a brief and a temporary absence from the city on business.

Order reversed, judgment vacated, and new trial ordered, with costs to the appellant. All concur.